KRISTI W. DEAN, ESQ., S.B. #117358
 kdean@stonedeanlaw.com
LESLIE A. BLOZAN, ESQ., S.B. # 81481
 lblozan@stonedeanlaw.com
**STONE | DEAN LLP**
Attorneys at Law
21600 Oxnard Street, Upper Lobby – Suite 200
Woodland Hills, California  91367
Tel:  (818) 999-2232
Fax:  (818) 999-2269

Attorneys for Defendants,
Lucas Entertainment, Inc., Lucas Distribution, Inc. and Michael Lucas

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA KNAPIC, an individual,<br><br>Plaintiff(s),<br><br>v.<br><br>LUCAS ENTERTAINMENT, INC., a Delaware Corporation, LUCAS DISTRIBUTION INC., a New York Corporation, MICHAEL LUCAS, an individual, aka Ahha Tpehbac, an individual, aka ANDREI TREIVAS, an individual, and DOES 1-10,<br><br>Defendants. | Case No.: 2:16-cv-00290-MWF-JPR<br>[Complaint filed: November 19, 2015 ]<br>[Assigned for all Purposes to the Honorable Michael W. Fitzgerald, Ctrm.]<br><br>**ANSWER OF DEFENDANTS LUCAS ENTERTAINMENT, INC., LUCAS DISTRIBUTION, INC. AND MICHAEL LUCAS TO COMPLAINT AND REQUEST FOR JURY TRIAL** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COME NOW Defendants, Lucas Entertainment, Inc., Lucas Distribution, Inc. and Michael Lucas, responding to the claim of Kristina Knapic as follows:

///

## RESPONSES TO THE CLAIMS OF THE COMPLAINT

A. Defendants, and each of them, deny each and every allegation of the complaint except those specifically admitted in this answer.

B. Defendants admit all of the allegations in the following paragraphs of the complaint: paragraphs 3, 5, 6, 8, 14, 23, 24, 25 (defendants admit incorporation by reference, but do not admit the substance of the incorporated allegations), 28, 33 (defendants admit incorporation by reference, but do not admit the substance of the incorporated allegations), 38 (defendants admit incorporation by reference, but do not admit the substance of the incorporated allegations), 43 (defendants admit incorporation by reference, but do not admit the substance of the incorporated allegations), 44, 45, 47, 51 (defendants admit incorporation by reference, but do not admit the substance of the incorporated allegations), 52, 58 (defendants admit incorporation by reference, but do not admit the substance of the incorporated allegations), 59, 60, 63, 64, 68 (defendants admit incorporation by reference, but do not admit the substance of the incorporated allegations),

C. Defendants do not know or have enough information to form a belief as to whether the allegations in the following paragraphs are true: paragraphs 7, 9, 11, 17, 18, 22, 27, 29, 34, 39, 70.

D. Defendants admit only parts of each paragraph below, and deny or do not know if the remainder of the paragraph is true:

Paragraph 4: defendants admit the allegations of paragraph 4, except for the words "committing fraud", which allegations are denied. Defendants deny any fraud was committed by any defendant.

Paragraph 10: defendants admit the allegations of paragraph 10, lines 24-26. Defendants do not know or have enough information to form a belief whether the allegations of 3:27-4:2 are true.

Paragraph 12: defendants admit the allegations of paragraph 12, except for the allegation that defendant Lucas was "impersonating a woman".

Paragraph 13: defendants admit the allegations of paragraph 13, except for the allegation that the property rental was exclusively for vacation purposes.

Paragraph 15: defendants admit the allegations in the first sentence of paragraph 15. Defendants deny the allegations of the second and fourth sentences. Defendants admit the allegations of the third sentence, except for the words "posing as", which allegation is denied. Defendants do not know or have enough information to form a belief whether the allegations of the last two sentences of paragraph 15.

Paragraph 16: Defendants do not know or have enough information to form a belief whether the allegations regarding plaintiff's knowledge alleged in the first sentence of paragraph 16 are true. Defendants admit they have posted movies and images on defendants' website, filmed while on the property, and the posting is for commercial purposes and to advertise and sell the films made on the property. Defendants deny they have posted those movies and images on their website for the specific purpose of selling and advertising the content filmed on the property, as opposed to being filmed at any other location. Defendants do not know or have enough information to form a belief whether the allegations of 5:3 are true.

Paragraph 19: defendants admit the allegations of paragraph 19, as an accurate recitation of what plaintiff is alleging, but deny plaintiff's entitlement to the damages described, or any damages.

Paragraph 32: defendants admit the allegations of the first sentence of paragraph 32 as an accurate recitation of what plaintiff claims, but deny plaintiff's entitlement to the damages described, or any damages.

Paragraph 37: defendants admit the allegations of paragraph 37 as an accurate recitation of what plaintiff claims, but deny plaintiff's entitlement to the damages described, or any damages.

Paragraph 40: defendants admit the first sentence of paragraph 40. Defendants admit they contacted plaintiff through Air bnb, and were aware the property was offered for rent. Defendants deny they were aware the property was "regularly" rented as alleged in the second sentence of paragraph 40 and lack sufficient information to admit or deny whether the house was "regularly" rented. Defendants deny their actions while renting the property would foreseeably interfere with plaintiff's ability to rent the property, and further deny that defendants' rental did interfere with future property rentals, as alleged in the third sentence of paragraph 40. Defendants deny they introduced contaminants onto plaintiff's property, and further deny their actions as renters of the property would or did have a direct impact on plaintiff's business, as alleged in the fourth sentence of paragraph 40. Defendants deny plaintiff had to decontaminate the property after defendants' rental and deny that any decontamination was necessary so as to interfere with plaintiff's ability to rent the property, as alleged in the fifth sentence of paragraph 40.

Paragraph 53: Defendants admit the allegations of the first sentence of paragraph 53, but deny that consent for entry was limited solely to vacation purposes. Defendants deny they obtained consent to enter the property through fraudulent means as alleged in the second sentence of paragraph 53. Defendants deny the allegations of the third, fourth and fifth sentences of paragraph 53.

Paragraph 56: Defendants deny the allegations of the first sentence of paragraph 56. Defendants admit the allegations of the remainder of paragraph 56 as they accurately recite plaintiff's claims, but deny plaintiff's

STONE | DEAN LLP
21600 OXNARD STREET, UPPER LOBBY – SUITE 200
WOODLAND HILLS, CALIFORNIA 91367

1. entitlement to those damages and relief, or any damages or relief, and further deny "unlawful possession" of the property.

Paragraph 63: Defendants admit the allegations of paragraph 63, lines 12:27-13:1. Defendants do not know or have enough information to form a belief whether the allegations regarding the intended purpose of the Air BnB Terms of Service agreement are true. Defendants admit the final sentence of paragraph 63.

Paragraph 66: Defendants admit the allegations of paragraph 66, but deny that their permission to enter and rent the property was limited to vacation purposes only.

## FIRST AFFIRMATIVE DEFENSE

(Dispute Subject to Contractual Arbitration)

1. The entire action, and each cause of action alleged in the complaint is subject to the requirement of contractual arbitration, pursuant to the terms of the Air BnB Terms of Service Agreement, attached to the complaint as Exhibit "D".

## SECOND AFFIRMATIVE DEFENSE

(Failure to State A Claim)

2. The complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a claim against these answering defendants.

## THIRD AFFIRMATIVE DEFENSE

(Liability of Others)

3. If it is determined that plaintiff sustained any damage as alleged in the complaint, said damage was proximately caused or contributed to by persons other than these answering defendants. The liability of defendants and other responsible parties, named or unnamed, should be apportioned

///

according to the relative degree of fault among them, if any, and the liability of this answering defendant should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4.   These answering defendants allege that, by virtue of certain acts, errors, or omissions committed or omitted by plaintiff, her agents and employees, plaintiff is estopped from claiming any damages or injury.

### FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault of Plaintiff)

5.   These answering defendants allege that any damages sustained by plaintiff were caused by plaintiff's own negligence and, therefore, any award in favor of plaintiff should be reduced by that proportion of fault.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

6.   These answering defendants allege that plaintiff is barred from recovering all or part of the claimed damages, if any, by reason of her failure to mitigate such damages.  Plaintiff's failure to mitigate includes but is not limited to publication of alleged contamination and identification of her property as the site of film-making, facts which would have been unknown to the public in the absence of plaintiff's conduct.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

7.   These answering defendants allege that plaintiff has waived any and all claims against these answering defendants by her own conduct, including but not limited to the publication of explicit details of her claim which would otherwise have remained unknown to outside parties; and the identification of her property as a site of film-making.

///

## EIGHTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

8.  These answering defendants allege that plaintiff assumed the risk(s) of the matters referred to in the complaint; that plaintiff knew and appreciated the nature of the risk(s) assumed; and that plaintiff voluntarily accepted the risk(s).

## NINTH AFFIRMATIVE DEFENSE

(Good Faith Conduct)

9.  All statements and representations made by defendants, and each of them, if any there were, were made in good faith, without intent to deceive or mislead.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Knowledge)

10. These answering defendants allege that, if these answering defendants made any false statements to plaintiff, or failed to state any material facts to plaintiff, or concealed any material facts from plaintiff, which defendants specifically deny, these answering defendants had neither knowledge of – nor reasonable grounds for being aware of – the falsity of such statements or the existence of other true facts which were not communicated to plaintiff, and these answering defendants did not act negligently, wrongly, or fraudulently in not discovering such falsity or the existence of other true facts not communicated to plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Intent-Misrepresentation)

11. These answering defendants allege that, if these answering defendants made any false statements to plaintiff, or failed to state any material facts to plaintiff, or concealed any material facts from plaintiff, which defendants specifically deny, these answering defendants had no intent to

mislead plaintiff, induce reliance by plaintiff or create a false impression in any manner, and these answering defendants did not act negligently, wrongly, or fraudulently in not discovering such falsity or the existence of other true facts not communicated to plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE
(Lack of Materiality in Statements)

12. These answering defendants allege that, if these answering defendants made any false statements to plaintiff, or failed to state any facts to plaintiff, or concealed any facts from plaintiff, which defendants specifically deny, the representations and/or omissions were not material and were insufficient to, and did not induce reasonable or detrimental reliance by plaintiff in any of the representations and/or omissions.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Consent to Property Use)

13. These answering defendants allege that at all times, they used plaintiff's real and personal property within the explicit and/or implied scope of permissive use for the period of agreed use and returned all real and personal property to plaintiff in the same condition they found it, or in a better condition than they found it.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Absence of Economic Relationships)

14. These answering defendants allege that plaintiff had no specific economic relationships with any individuals, groups or entities that probably would have resulted in a future economic benefit to plaintiff and deny that defendants knew or should have known of any such relationships, if any existed. Defendants further deny that their rental of plaintiff's property and use of that property interfered with or disrupted any actual or prospective relationship between plaintiff and third parties.

DEFENDANTS' ANSWER TO COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Conduct)

15. At all relevant times, defendants and each of them acted reasonably, in exercise of due care, and consistent with any and all legal duties owed plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Consent to Property Use)

16. At all relevant times, defendants and each of them used plaintiff's property according to the agreement between the parties and within the scope of the permission granted by plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Performance of Contract)

17. At all relevant times, defendants and each of them acted within the scope of the verbal, written and implied contract between the parties and performed all essential terms of the agreement as required by contract, unless performance was excused. The acts plaintiff complains of were not in breach of any contractual terms.

## EIGHTEENTH AFFIRMATAIVE DEFENSE

### (Unjust Enrichment of Plaintiff)

18. These answering defendants allege that plaintiff seeks to recover amounts that are more than she is entitled to recover in this case, and her claims constitute unjust enrichment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Damage to Plaintiff)

19. These answering defendants allege that even if plaintiff's allegations of defendants' misconduct are true, the truth of which is denied, plaintiff sustained no damage as a result of defendants' acts.

///

## TWENTIETH AFFIRMATAIVE DEFENSE

(Governing Contract)

20. These answering defendants allege that the relationship, duties and obligations between the parties are controlled by the terms of the governing contract between them.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Reservation to assert additional defenses)

21. These answering defendants are informed and believe, and thereon allege, that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unasserted, affirmative defenses. These answering defendants therefore reserve the right to assert additional affirmative defenses in the event discovery and/or investigation indicate it would be appropriate to do so.

WHEREFORE, these answering defendants pray as follows:

1. That plaintiff take nothing by reason of her complaint;
2. For an award and judgment in favor of these answering defendants, including costs of suit and attorneys' fees as provided by contract; and
3. For such other and further relief as the Court may deem just and proper.

Dated: January 19, 2016

STONE | DEAN LLP

By: _____
Kristi W. Dean
Leslie A. Blozan
Attorneys for Defendants, Lucas Entertainment, Inc., Lucas Distribution, Inc. and Michael Lucas

DEFENDANTS' ANSWER TO COMPLAINT

# REQUEST FOR JURY TRIAL

Defendants hereby request a jury trial on all legal issues raised in the complaint.

Dated: January 15, 2016

STONE | DEAN LLP

By: _____
Kristi W. Dean, Leslie A. Blozan
Attorneys for Defendants, Lucas Entertainment, Inc., Lucas Distribution, Inc. and Michael Lucas

DEFENDANTS' ANSWER TO COMPLAINT

*Knapic v. Lucas Entertainment*
Case No. 56-2015-00474753 CUFRVTA

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES         )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 21600 Oxnard Street, Upper Lobby, Suite 200, Woodland Hills, California.

On January 20, 2016, I served the foregoing document described as: ANSWER OF DEFENDANTS LUCAS ENTERTAINMENT, INC., LUCAS DISTRIBUTION, INC. AND MICHAEL LUCAS TO COMPLAINT AND REQUEST FOR JURY TRIAL, on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at: Woodland Hills, California addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]   **(BY MAIL)** I am familiar with the ordinary business practice of the law firm of Stone | Dean for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[]   (BY FACSIMILE) I caused such document to be faxed to the addressee.

[]   (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[]   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[]   (BY EXPRESS MAIL, CCP 1013(c,d) I caused such envelope to be placed in the box regularly maintained by the express service carrier, Federal Express, at 21600 Oxnard Street, Suite 200, Woodland Hills, California.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   Executed on January 20, 2016, at Woodland Hills, California.

_____
JUDY BROWN

<u>*Knapic v. Lucas Entertainment*</u>
*Case No. 56-2015-00474753 CUFRVTA*

## SERVICE LIST

Lacy L. Taylor, Esq.
Law Offices of John J. Thyne III
2000 State Street
Santa Barbara, California  93105
(805) 963-9958
Fax: (805) 963-3814
E-Mail:
[Representing Plaintiff, Kristina Knapic]